UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL ROMO JR., § | |
| § | |
| Plaintiff, § | |
| § | SA-21-CV-00936-XR |
| v. § | |
| § | |
| OFFICER R. LINDBERG, Kitchen § | |
| Officer, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Raul Romo Jr.'s ("Romo") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 20). This case was transferred to this Court from the United States District for the Southern District of Texas, Houston Division. (ECF No. 8). Prior to the transfer, the Southern District Court granted Romo's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2, 5). After reviewing the original Complaint, this Court rendered a Show Cause Order, ordering Romo to file an amended complaint curing, to the extent possible, the Complaint's legal deficiencies as set out in the Show Cause Order.[1] (ECF No. 14). Romo failed to respond so the Court rendered an Order of Dismissal and Final Judgment, dismissing the original Complaint for want or prosecution and for failure to comply with the Court's Show Cause Order. (ECF Nos. 15, 16). Romo subsequently filed a motion to reopen, which the Court granted. (ECF Nos. 17, 18). In the Order granting the motion to reopen, the Court ordered Romo to file an amended complaint curing the deficiencies set out in the prior Show Cause Order. (ECF No. 18). Romo filed an Amended Complaint, altering certain claims and defendants. (ECF No. 20). Upon

---

[1] The Court also reviewed and considered Romo's "More Definite Statement," which was filed in response to an order by the Southern District Court prior to the transfer to this Court. (ECF Nos. 6, 7).

review of the Amended Complaint, the Court ordered Romo to file a second amended complaint showing why his Amended Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 21); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Romo was specifically advised that if he failed to comply, his Amended Complaint could be dismissed for failure to prosecute and failure to comply with the Show Cause Order. (ECF No. 21); *see* FED. R. CIV. P. 41(b). To date, Romo has not responded to the Court's June 13, 2022 Show Cause Order. Therefore, after review, the Court orders Romo's Amended Complaint **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 20); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Court further orders Romo's Amended Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. (ECF Nos. 20, 21); *see* FED. R. CIV. P. 41(b).

## BACKGROUND

In his Amended Complaint, Romo names the following individuals as Defendants in this matter: (1) Kitchen Officer R. Lindberg; (2) Kitchen Officer M. Partida; (3) Sergeant F/N/U O'Conner; (4) Captain F/N/U O'Connor; (5) Kitchen Officer J. Romero; (6) Captain F/N/U Davis; (7) Captain F/N/U Clark; (8) Unit Grievance Investigator F/N/U Lipsy; (9) Unit Grievance Investigator F/N/U Ross; (10) Major F/N/U Cooper; (11) Assistant Warden John Cirone; (12) Huntsville Grievance Investigator S. Nash; (13) Huntsville Grievance Investigator S. Gurrola; and (14) Huntsville Grievance Investigator C. Martinez. (ECF No. 20).

Romo's claims concern events arising out of an injury he allegedly incurred at TDCJ's Torres Unit. (ECF No. 20). According to Romo, TDCJ "Kitchen Officers" Lindberg and Partida ordered him to use fire equipment in the kitchen, specifically a pressurized fire hose that he had

not been trained to use, to clean the walls, floors, and tables of dust left by ongoing construction in the dish room. (ECF No. 20). Romo alleges that while using the "industrial size" fire hose, he injured his back. (*Id.*).

As to Defendants Partida and Romero, Romo contends they retaliated against him by writing disciplinary cases against him for failing to "turn out" for work after his alleged injury. (*Id.*). He further claims Sergeant O'Conner and Captain O'Connor violated his civil rights when they failed to remove him from his kitchen job assignment and failed to dismiss disciplinary cases filed by other officers based on Romo's failure to "turn out" for work after he was allegedly injured. (*Id.*). Finally, he contends Huntsville Grievance Investigators S. Nash, S. Gurrola, and C. Martinez rejected his Step 2 grievances and failed to investigate his claims properly. (*Id.*).

As for relief for the alleged civil rights violations, Romo asks the Court "to declare justice over this Defandents." [sic] (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is

3

indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. *Individual Capacity Claims — Missing and Vague/Insufficient Allegations — Rule 8*

To state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which

means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Romo is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

    1. *Missing Allegations — Lipsy, Ross, Davis, Clark, Cooper, and Cirone*

Although Romo names Grievance Investigators Lipsy and Ross, Captains Davis and Clark, Major Cooper, and Assistant Warden Cirone as Defendants in this matter, he has failed to allege any actual claims against them. (ECF No. 20). Thus, the Court finds Romo has failed to state a claim upon which relief may be granted as to these Defendants, subjecting any purported claims against them to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    2. *Vague/Insufficient Allegations — Lindberg, Partida, Sergeant O'Conner, and Captain O'Connor*

Romo contends Lindberg and Partida violated his civil rights when they ordered him to clean construction dust from the kitchen with an industrial fire hose. (ECF No. 20). Romo alleges he lacked the training or experience to use the equipment. (*Id.*). Romo claims he injured his back when using the fire hose and rolling it back on its wheel after using it. (*Id.*). The Court finds Romo's allegations as to Lindberg and Partida seemingly assert Eighth Amendment violations based on an episodic condition of confinement. (*Id.*).

As to Sergeant O'Conner and Captain O'Connor, Romo contends they violated his civil rights after his alleged injury by refusing to remove him from his kitchen job. (ECF No. 20). Romo

5

says nothing else regarding this allegation. (*Id.*). As best the Court can discern given the paucity of Romo's allegation, this too appears to be an allegation of an Eighth Amendment violation based on another episodic condition of confinement. (*Id.*).

An episodic challenge faults specific officials for alleged acts or omissions as opposed to conditions expressed in explicit policies or restrictions. *Shepherd v. Dallas Cnty.*, 592 F.3d 445, 452 (5th Cir. 2009). A claim is stated only when the official had "subjective knowledge of a substantial risk of serious harm" to the inmate and responded to that risk with deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In other words, the state official must know of and disregard an excessive risk to inmate health or safety. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Because the focus of the claim is one individual's misconduct, the inmate is required to prove intent—specifically, that the prison official "acted or failed to act with deliberate indifference to the detainee's needs." *Shepherd*, 592 F.3d at 452 (quoting *Hare*, 74 F.3d at 648).

As pled, Romo has not alleged a valid § 1983 episodic condition of confinement claim based on Lindberg and Partida's order that Romo use the fire hose to clean the kitchen or Sergeant O'Conner's or Captain O'Connor's alleged refusal to remove Romo from his kitchen job. (ECF No. 20). Moreover, as to his claims against Sergeant O'Conner and Captain O'Connor, Romo has not alleged specific facts showing he suffered any physical injury as a result of maintaining his job in the kitchen. (ECF No. 20). He contends he had a pre–existing injury and seems to suggest working in the kitchen would aggravate the injury, but he does not establish he was told by medical personnel that he could not continue in his assigned job. (*Id.*). Accordingly,

6

the Court finds these claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. *Allegations Relating to Grievances — S. Nash, S. Gurrola, and C. Martinez*

As to Huntsville Grievance Investigators S. Nash, S. Gurrola, and C. Martinez, Romo alleges they violated his civil rights by failing to properly investigate or resolve the Step 2 grievances he filed as a result of his alleged back injury. (ECF Nos. 20). Prisoners have liberty interests only in "freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *E.g., id.* at 374 (holding that prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance resolved to his satisfaction). Moreover, although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C.1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. *Giddings v. Valdez*, No. 06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007). Thus, the Court finds Romo's contentions about the actions and responses to his grievances—even if true—do not amount to constitutional violations, and Romo has failed to state a claim upon which relief may be granted *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. *Individual Capacity Claims — Allegations Relating to Disciplinary Cases — Partida, Romero, Sergeant O'Conner, and Captain O'Connor*

Romo contends Partida and Romero retaliated against him, thereby violating his civil rights, when they wrote disciplinary cases (#20190188629, #20190183212, respectively) against

7

him after his injury based on his failure to "turn out" for work. (ECF No. 20). He further contends that Sergeant O'Conner and Captain O'Connor violated his civil rights by refusing to dismiss four disciplinary cases (#20190175781, #20190812057, #20190183212, #20190188629) filed against him after his injury for failing "to turn out to work assignment." (*Id.*).

1. <u>Retaliation — Partida, Romero</u>

"Prison officials may not retaliate against prisoners for exercising their constitutional rights." *Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019). However, to succeed on a retaliation claim, the inmate must overcome a "significant burden." *Id.* The inmate must allege, and subsequently prove: (1) he exercised a particular constitutional right; (2) the official *intended* to retaliate against his exercise of that right; (3) his constitutional exercise of the right *caused* the official to commit a retaliatory act that was more than *de minimis*; and (4) he "suffered a concrete, tangible harm." *See id.*; *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011). To establish intent and causation, the inmate must at least establish a chronology of events from which retaliation may be plausibly inferred. *Petzold*, 946 F.3d at 252.

As pled, the Court finds Romo has failed to allege a retaliation claim. (ECF No. 20). Romo conclusorily states the disciplinary cases were written in retaliation; however, he does not allege (1) what constitutional right he exercised that caused the retaliation, (2) whether these Defendants intended to retaliate against him for his exercise of a constitutional right, (3) whether his constitutional exercise caused the commission of a retaliatory act, and such act was more than *de minimis*, or (4) that he suffered a concrete, tangible injury based on the retaliation. (*Id.*); *see Petzold*, 946 F.3d at 252; *Hudson*, 441 F. App'x at 293. Accordingly, the Court finds that Romo's

8

purported retaliation claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. *Refusal to Dismiss Disciplinary Cases — Sergeant O'Conner, Captain O'Connor*

Romo also alleges a constitutional violation against Sergeant O'Conner and Captain O'Connor based on their alleged refusals to dismiss four disciplinary cases filed against Romo based on his failure to "turn out" for work after his injury. The Court finds Romo's allegations with regard to his claims against Sergeant O'Conner and Captain O'Connor insufficient to state a claim as they are conclusory and vague. *See* FED. R. CIV. P. 8(a). As set out above, a § 1983 complaint must contain sufficient factual allegations to state a plausible claim. *Iqbal*, 556 U.S. at 678. Although factual allegations need not be detailed, they must include enough detail to raise the requested right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A conclusory complaint is subject to dismissal for failure to state a claim. *See id.* at 555–56; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

D. **Absence of Proper Request for Relief**

As noted above, as relief for his alleged constitutional violations Romo has requested "to declare justice over this Defandents." [sic] (ECF No. 20). This is not a proper request for relief in a § 1983 action. The Court is unable to discern what relief Romo seeks. Accordingly, Romo has failed to request any viable relief for his § 1983 claims.

E. **Failure to Respond to Show Cause Order**

As noted above, this Court previously ordered Romo to show cause by July 13, 2022, why his Amended Complaint should not be dismissed for the various reasons set out in the Show Cause

Order. (ECF Nos. 20, 21). Romo has not filed a second amended complaint or otherwise responded to this Court's June 13, 2022 Show Cause Order.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases. FED. R. CIV. P. 41(b). Romo's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter and subjects him to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an Order of this Court. *See id.*

### CONCLUSION

Romo was given an opportunity to amend his Amended Complaint to correct the deficiencies set out in the Court's Show Cause Order, but he failed to respond. The Court finds Romo's claims are substantively subject to dismissal based on the analysis set out above. Moreover, by failing to respond to the Court's Show Cause Order, Romo's Amended Complaint is subject to dismissal for want of prosecution and for failure to comply with the Show Cause Order.

**IT IS THEREFORE ORDERED** that Romo's 42 U.S.C. § 1983 Amended Civil Rights Complaint (ECF No. 20) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that Romo's 42 U.S.C. § 1983 Amended Civil Rights Complaint (ECF No. 20) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. *See* Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 1st day of August, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE